1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )      Case No.  2:14-cr-00052-JAD-VCF
                               )
vs.                            )      **ORDER**
                               )
JOSHUA DANIEL SMITH,           )
                               )
                Defendant.     )
_____)

     This matter came before the Court on April 30, 2014, for hearing on the Government's Petition for Action on Conditions of Pretrial Release (#20), filed on April 16, 2014.  Defendant Joshua Daniel Smith made his Initial Appearance on the Government's petition on April 17, 2014, wherein he was detained pending revocation proceedings under 18 U.S.C. § 3148.  *See* Mins. of Proceedings (#24).

## BACKGROUND

     On February 25, 2014, the Grand Jury returned an Indictment charging Defendant Smith with one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b). The Indictment includes a forfeiture allegation pursuant to 18 U.S.C. §§ 2253(a)(1) and 2253(a)(3). Defendant made his Initial Appearance on the Indictment on February 27, 2014 before the undersigned United States Magistrate Judge.  Upon entry of a plea of not guilty, the Court went forward with a detention hearing under 18 U.S.C. § 3142.  Defendant was released on a personal recognizance bond with several conditions, including that he not possess "any pornographic or erotic images" and that he is "prohibited from having any access to computers or connecting devices . . . at home or employment which has internet access...."  (#6).  The bond was modified on March 6, 2014.  (#15).  The modification did not alter the previously imposed conditions regarding the prohibition on possession of pornographic or erotic images or to any access to devices with

1    internet access.

2         Subsequently, on April 16, 2014, the Court issued a warrant for Defendant's arrest for

3    violating the conditions of his pretrial release by possessing a portable device having access to the

4    internet.  The device had several saved pornographic images.  Defendant was arrested that same

5    day and, on April 30, 2014, appeared before the undersigned for revocation proceedings under 18

6    U.S.C. § 3148.

7                                         **DISCUSSION**

8         Defendant Smith was initial released pursuant to 18 U.S.C. § 3142 and placed under

9    Pretrial Services supervision with several conditions.  If a condition of pretrial release is violated, a

10   request to revoke release is heard under 18 U.S.C. § 3148, not section 3142.  The standards under

11   the two sections are markedly different.  *United States v. Gill*, 2008 WL 2120069 (E.D. Cal.).

12   Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 . . . and who

13   has violated a condition of his release, is subject to revocation of release, an order of detention, and

14   a prosecution for contempt of court."  *See*  18 U.S.C. § 3148(a).  Section 3148 further provides

15   that:

16        The judicial officer shall enter an order of revocation and detention if, after a
          hearing, the judicial officer
17
          (1) finds that there is–
18
          (A) probable cause to believe that the person has committed a Federal, State,
19        or local crime while on release; or

20        (B) clear and convincing evidence that the person has violated any other
          condition of release; and
21
          (2) finds that–
22
          (A) based on the factors set forth in section 3142(g) of this title, there is no
23        condition or combination of conditions of release that will assure that the
          person will not flee or pose a danger to the safety of any other person or the
24        community; or

25        (B) the person is unlikely to abide by any condition or combination of
          conditions of release.
26
          If there is probable cause to believe that, while on release, the person
27        committed a Federal, State, or local felony, a rebuttable presumption arises
          that no condition or combination of conditions will assure that the person will
28        not pose a danger to the safety of any other person or the community. If the

                                             2

1    judicial officer finds that there are conditions of release that will assure that
     the person will not flee or pose a danger to the safety of any other person or
2    the community, and that the person will abide by such conditions, the judicial
     officer shall treat the person in accordance with the provisions of section 3142
3    of this title and may amend the conditions of release accordingly.

4         Section 3148 gives the judicial officer a choice between two alternatives.  First, if there is

5    probable cause to believe that a defendant has committed a crime while on release, "a rebuttable

6    presumption arises that no condition or combination of conditions will assure that the person will

7    not pose a danger to the safety of any other person or the community."  18 U.S.C. § 3148(b)(1)(A).

8    There is no limitation in section 3148(b) regarding the types of categories of Federal, State, or local

9    crimes that will support an order revoking pretrial release.  *United States v. Soria*, 2011 WL

10   3651272 *6 (D. Nev.) (citation omitted).  Although preferable, the failure of the government to

11   identify the specific crimes allegedly committed while on release is not fatal to revocation.  *C.f.*,

12   *Soria*, 2011 WL 3651272 *8.

13        Second, the court may find that there is clear and convincing evidence that the person has

14   violated the terms of release.  18 U.S.C. § 3148(b)(1)(B).  If so, the court must determine whether,

15   based on the factors set forth in section 3142(g), "there is no condition or combination of

16   conditions that will assure that the person will not flee or pose a danger to the safety of any other

17   person or the community."  18 U.S.C. § 3148(b)(2)(A).  Alternatively, if there is clear and

18   convincing evidence of a violation and the court determines that "the person is unlikely to abide by

19   any condition or combination of conditions of release" revocation is appropriate.  18 U.S.C. §

20   3148(b)(2)(B).

21        The Petition for Action on Conditions of Release (#20) indicates that revocation

22   proceedings were initiated because Defendant failed to comply with his conditions of release.

23   There is no allegation that he committed a Federal, State, or local crime.  Thus, the revocation

24   hearing went forward under the provisions of 18 U.S.C. § 3148(b)(1)(B).  There is no dispute that

25   Defendant violated the terms of his release.  Having found the violation by clear and convincing

26   evidence, the Court must determine (1) whether, based on the factors set forth in section 3142(g),

27   there is a condition or combination of conditions that will assure the defendant will not flee and is

28   not a danger to the community or, alternatively, (2) whether the person is unlikely to abide by any

1   condition or combination of conditions.  18 U.S.C 3148 §§ (b)(2)(A) and (b)(2)(B).  After review,

2   the Court finds by a preponderance of the evidence that Defendant has demonstrated himself

3   unlikely to abide by any conditions or combination of conditions.  Consequently, revocation is

4   appropriate under 18 U.S.C. § 3148(b)(2)(B).

5          Based on the foregoing and good cause appearing therefore,

6          **IT IS HEREBY ORDERED** that Defendant Joshua Daniel Smith's pretrial release is

7   **revoked**.

8          **IT IS FURTHER ORDERED** that Defendant Joshua Daniel Smith be **detained** pending

9   trial.

10          DATED: May 13, 2014.

11

12

13

14   _____
     **C.W. Hoffman, Jr.**
15   **United States Magistrate Judge**

16

17

18

19

20

21

22

23

24

25

26

27

28