# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>      Plaintiff, <br><br> vs. <br><br> JOSHUA DANIEL SMITH., <br><br>      Defendant. | Case No. 2:14–cr–52–JAD–VCF <br><br> **ORDER** <br><br> MOTION TO COMPEL UNITED STATES MARSHAL TO TRANSPORT DETAINEE TO OPTOMETRIST AND PROVIDE DETAINEE WITH PRESCRIPTION EYEGLASSES (DOC. #57) |

This matter involves the United States of America's prosecution of Defendant Joshua Daniel Smith. Before the court is Smith's Motion to Compel (Doc. #57), the Government's response (Doc. #58), and Smith's reply (Doc. #60). For the reasons stated below, Smith's motion to compel is denied.

## I. Background

Smith is currently detained at the Nevada Southern Detention Center while he awaits sentencing. Smith complains of frequent headaches, blurred vision, and a sensitivity to light due to his prescription eyeglasses being out of date. Smith further contends that his inability to read his legal correspondence violates his Sixth Amendment right to the assistance of counsel. Smith now moves to compel the U.S. Marshal Service to transport him to an optometrist and provide him with new prescription eyeglasses.

## II. Legal Standard

"In all criminal prosecution, the accused shall enjoy the right … to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel doe his defense." U.S. CONST. amend. VI.

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975).  A criminal defendant does not need to understand the "ins and outs" of his criminal proceedings; the criminal defendant does "ha[ve] an obligation to take a minimal interest in his defense." *See Crank v. Duckworth*, 969 F.2d 363, 366 (7th Cir. 1992); *see also Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990) (holding that an illiterate criminal defendant could have sought outside help to fulfill his obligation to "take a minimal interest in his defense").

### III. Discussion

The parties present one issue: whether the U.S. Marshal Service's failure to provide Smith with new prescription eyeglasses violates his Sixth Amendment right to the assistance of counsel.

1.   <u>The Sixth Amendment Does Not Require That Smith Be Given New Prescription Eyeglasses</u>

Smith's lack of prescription eyeglasses does not preclude him from participating in his own defense.  Smith contends that his inability to read his legal correspondence amounts to a violation of his right to assistance of counsel.  The Sixth Amendment right to counsel, however, only requires Smith take a minimal interest in his own defense; the Sixth Amendment does not require that Smith be able to read every document relevant to his defense. *See Henderson*, 919 F.2d at 1272.  Smith has other means to participate in his own defense that do not require the ability to read; his counsel may provide him with regular oral updates on his case or Smith may make regular inquiries himself.

ACCORDINGLY, and for good cause shown,

/// /// ///

/// /// ///

/// /// ///

/// /// ///

IT IS HEREBY ORDERED that Smith's Motion to Compel (Doc. #57) is DENIED.

IT IS SO ORDERED.

DATED this 29th day of February, 2016.

                                                      _____
                                                      CAM FERENBACH
                                                      UNITED STATES MAGISTRATE JUDGE